## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

TROY NORTON, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

v.

GLOBAL TRUST MANAGEMENT, LLC,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 18-cv-804

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

## INTRODUCTION

1.     This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2.     The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.     Plaintiff Troy Norton is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.     Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff, debts allegedly incurred for personal, family, or household purposes.

5.     Defendant Global Trust Management, LLC ("GTM") is a foreign limited liability corporation with its principal offices located at 4805 West Laurel Street, Suite 300, Tampa, Florida, 33607.

6. GTM is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others and incurred for personal, family, or household purposes. GTM also purchases and owns defaulted consumer debts, and collects those debts on its own behalf.

7. GTM is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes. GTM is a debt collector as defined by 15 U.S.C. § 1692a.

8. The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

9. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, *or* who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added); *see, e.g., Barbato v. Greystone All., LLC*, Civil Action No. 3:13-2748, 2017 U.S. Dist. LEXIS 172984 (M.D. Pa. Oct. 19, 2017); *Tepper v. Amos Fin., LLC*, No. 15-cv-5834, 2017 U.S. Dist. LEXIS 127697 *20-22 (E.D. Pa. Aug. 9, 2017) ("the statute provides two possible paths for a plaintiff to prove that a particular defendant is a 'debt collector.' Subject to certain exceptions not relevant here, the defendant will be a debt collector if either (1) its 'principal purpose . . . is the collection of any debts,' or (2) it 'regularly collects or attempts to collect . . . debts owed or due . . . another.'"); *Kurtzman v. Nationstar Mortg. LLC*, No. 16 17236, 2017 U.S. App. LEXIS 19750, at *6-7 (11th Cir. Oct. 10, 2017); *Skinner v. LVNV*

*Funding LLC*, 2018 U.S. Dist. LEXIS 2812, at *7-8 (N.D. Ill. Jan 8, 2018); *Mitchell v. LVNV*

*Funding LLC*, 2017 U.S. Dist. LEXIS 206440, at *7-12 (N.D. Ind. Dec. 15, 2017).

10.     The primary purpose of GMT's business, and GMT's principal purpose, is the

collection of consumer debts.

11.     GMT's website states:

At Global Trust Management Corporation (GTM), headquartered in Tampa, FL, we pride ourselves on adhering to the highest standards of quality in the industry. The founders and management team at GTM have over 40 years of combined experience in the field of debt collection. All of our associates are carefully selected and thoroughly trained to ensure that our accounts are handled with the upmost professionalism and care.

http://gtmcorporation.com/about.html (last visited May 24, 2018)

12.     GMT is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

13.     On or about March 15, 2018, GTM mailed a debt collection letter to Plaintiff

regarding an alleged debt. A copy of this letter is attached to this complaint as Exhibit A.

14.     Upon information and belief, the alleged debt referenced by Exhibit A was

incurred as the result of the extension of a short-term unsecured consumer loan used only for

personal, family, or household purposes.

15.     Upon information and belief, Exhibit A is a form letter, generated by computer,

and with the information specific to Plaintiff inserted by computer.

16.     Upon information and belief, Exhibit A is a form debt collection letter used by

GTM to attempt to collect alleged debts.

17.     Upon information and belief, Exhibit A was the first letter Plaintiff was sent by

GTM regarding this alleged debt.

3

18.     Exhibit A includes the following notice which largely reflects the disclosures required by 15 U.S.C. § 1692g(a):

Unless you notify this office within thirty days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will assume this debt is valid.

If you notify this office in writing within thirty days after receiving this notice that the debt or any portion of it is disputed, this office will obtain and mail you a copy of verification of the debt or a copy of a judgment against you. If requested by you in writing within thirty days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

19.     Exhibit A also includes the following representations:

| GTM Acct # | ▇0618 |
| Current Balance: | $777.00 |
| Original Creditor: | Cash Central |
| Date of Last Payment to Original Creditor: | N/A |
| Original Acct #: | ▇3011 |
| Current Owner: | Global Trust Management LLC |
| Serviced By: | GLOBAL TRUST MANAGEMENT, LLC |

20.     Beneath such representation, in the body of the letter, Exhibit A states:

Welcome, Troy.  We are now servicing your delinquent account. All future payments and correspondence should be addressed to us. If you do not dispute this account (see dispute procedures below) and you'd like to resolve this, please reach out to us.

21.     Although GTM identifies itself as the "Current Owner," Exhibit A also indicates that GTM is merely the servicer of the account in question.

22.     Consumers would interpret the term "servicer" to mean an entity that is collecting and accounting for payments on behalf of the actual creditor.

23.     The unsophisticated consumer would be confused as to the character of the account, whether the debt had been sold to a third-party debt buyer, and if so, to whom.

24.     GTM's misrepresentation is a material false statement about the character of the account.  E.g., Hepsen v. J.C. Christensen & Assocs., 2009 U.S. Dist. LEXIS 92717, at *14

4

(M.D. Fla. Sept. 22, 2009), *aff'd by Hepsen v. Resurgent Capital Servs., LP*, 383 Fed. Appx. 877 (11th Cir. 2010).

25.     Plaintiff was misled, deceived, and confused by Exhibit A.

26.     The unsophisticated consumer would be misled, deceived, and confused by Exhibit A.

27.     Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

28.     Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

29.     The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("Spuhler I") ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a

5

primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes . . . do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes

creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

30.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

31.     15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32.     15 U.S.C. § 1692e(2) specifically prohibits the false representation of "the character, amount, or legal status of any debt."

33.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

34.     15 U.S.C. § 1692g(a)(2) requires that, within five days of the initial communication with a consumer, debt collectors provide written notice containing "the name of the creditor to whom the debt is owed."

## COUNT I – FDCPA

35.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

36.     Exhibit A contains misleading representations that GTM is merely the servicer of the alleged debt referenced therein, while simultaneously identifying GTM as the current creditor of the debt.

37.     Exhibit A thus fails to clearly identify the current creditor of the debt and is misleading as to the character and legal status of the alleged debt

38.     Defendant has thereby violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), and 1692g(a)(2).

## CLASS ALLEGATIONS

39.     Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent a debt collection letter in the form of Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between May 24, 2017 and May 24, 2018, inclusive, (e) that was not returned by the postal service.

40.     The Class is so numerous that joinder is impracticable.  Upon information and belief, there are more than 50 members of the Class.

41.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e.

42.     Plaintiff's claims are typical of the claims of the Class members.  All are based on the same factual and legal theories.

43.     Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

8

44.	A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

45.	Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)	actual damages;

(b)	statutory damages;

(c)	attorneys' fees, litigation expenses and costs of suit; and

(d)	such other or further relief as the Court deems proper.

Dated:  May 24, 2018

ADEMI & O'REILLY, LLP

By:	/s/ John D. Blythin
	John D. Blythin (SBN 1046105)
	Mark A. Eldridge (SBN 1089944)
	Jesse Frucher (SBN 1097673)
	Ben J. Slatky (SBN 1106892)
	3620 East Layton Avenue
	Cudahy, WI 53110
	(414) 482-8000
	(414) 482-8001 (fax)
	jblythin@ademilaw.com
	meldridge@ademilaw.com
	jfruchter@ademilaw.com
	bslatky@ademilaw.com

9